## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| NAILITE INTERNATIONAL, INC., | : | Case No. 09-10526 (MFW) |
| A Delaware corporation | : |  |
| Debtor. | : | **Related Docket No.: 26, 55** |
|  | : |  |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), (L) AND (M) AND 365, AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014: (A) APPROVING ASSET PURCHASE AGREEMENT; (B) AUTHORIZING (I) SALE OF SUBSTANTIALLY ALL OF THE ACQUIRED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF

This matter having come before the Court upon the Motion (the **"Sale Motion"**)[1] of

Nailite International, Inc. (**"Debtor"** or **"Seller"**) for an order pursuant to 11 U.S.C. §§ 105(a),

363(b), (f), (l) and (m), and 365, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 authorizing

(A) the sale of substantially all of the operating assets of the Seller, as seller, free and clear of all

liens, claims, encumbrances, and other interests (the **"Sale"**), pursuant to the Asset Purchase

Agreement (as amended from time to time, the **"Agreement"**) attached hereto as **Exhibit A,**

between the Seller and Premier Exteriors, LLC (**"Purchaser"**); (B) the Seller's assumption and

assignment to the Purchaser of the Contracts as identified on the list of assumed contracts

attached to the Agreement as schedule 1.1(a) (the **"Assumed Contracts"**), free and clear of

liens, claims, encumbrances, and other interests; and (C) granting related relief; and a hearing on

the Sale Motion having been held on April 13, 2009 (the **"Sale Hearing"**), at which time all

interested parties were offered an opportunity to be heard with respect to the Sale Motion; and

the Court having considered (i) the Sale Motion, (ii) any objections thereto, and (iii) the

---

[1]     Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Sale Motion, the Agreement (as defined hereafter), or the Bankruptcy Code.

arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of Debtor, its estate, its creditors and other parties in interest; and upon the record of the Sale Hearing and this case; and after due deliberation thereon; and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The finding and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

B. The Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and over the entities which are subject to the terms of this Order, including but not limited to all creditors, all persons and entities who have a claim (as defined in § 101(5) of the Bankruptcy Code) against the Debtor or its estate, and all parties in interest, including those entities claiming an interest in the Acquired Assets (as defined in the Agreement) and those entities who are parties to the Contracts. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363(b), (f), (l), and (m), and 365 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., (as amended, the "**Bankruptcy Code**"), and Fed. R. Bankr. P. 2002, 6004, 6006, 9014 and 9019 (as amended, the "**Bankruptcy Rules**").

2

D.     As evidenced by the affidavits or certificates of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (1) adequate and sufficient notice of the Sale Motion, the Sale Hearing and the Sale has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules, including 11 U.S.C. §§ 102(1), 363, and 365, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, and the Local Rules of Bankruptcy Practice and Procedure of the Unites States Bankruptcy Court for the District of Delaware or orders of this Court, (2) such notice was good and sufficient, and appropriate under the particular circumstances, and (3) no other or further notice of the Sale, the Sale Motion, or the Sale Hearing shall be required.

E.     As evidenced by the affidavits or certifications of service filed with the Court, notice of the Sale Hearing was published in the national edition of the Wall Street Journal on March 9, 2009 and in the trade journal Plastics News on March 16, 2009 [D.I. 104].

F.     A reasonable opportunity to object or be heard with respect to the Sale Motion. Bid Procedures and Bid Procedures Order and the relief requested therein has been afforded to all interested persons and entities, including (i) the United States Trustee; (ii) the Official Committee of Unsecured Creditors appointed in this bankruptcy case (the **"Creditors' Committee"**); (iii) any and all entities known to have expressed an interest in an acquisition transaction regarding the Acquired Assets during the past twelve (12) months; (iv) all entities known to have asserted any lien, claim, encumbrance, or other property interest in or upon any of the Acquired Assets and Contracts which are to be sold or assigned pursuant to the Agreement; (v) all entities who had filed a notice of appearance and request for service of papers in this case; and (vi) all parties to executory contracts or unexpired leases proposed to be assumed and assigned under the Agreement.

3

G.     The Debtor (i) has full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the Sale of the Acquired Assets by the Seller has been duly and validly authorized by all necessary corporate action, (ii) have all of the corporate power and authority necessary to consummate the transactions contemplated by the Agreement, (iii) have taken all corporate action necessary to authorize and approve the Agreement and the consummation by the Seller of the transactions contemplated thereby, and (iv) require no further consents or approvals, other than those expressly provided for in the Agreement or otherwise explicitly set forth herein, to consummate such transactions.

H.     The Acquired Assets are property of the Debtor's estate and title thereto is vested in the Debtor's estate.

I.     Prior to the Petition Date, the Debtor marketed the Acquired Assets, but was unable to consummate a sale or other transaction outside the auspices of bankruptcy court protection. The Debtor provided notice of the sale of the Acquired Assets to Purchaser and to each of the entities that expressed a bona fide interest in the Acquired Assets. The Debtor, the Creditors' Committee and their professionals marketed the Acquired Assets and conducted the sale process in accordance with the Bid Procedures. Based upon the record of this proceeding, all creditors and equity holders, all other parties-in-interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Acquired Assets.

J.     Approval of the Agreement and consummation of the Sale at this time are in the best interests of the Debtor, its creditors, its estate, and the public.

K.     The Seller has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 105 and 363 prior to, and outside of, a plan of reorganization.

4

L.     The Seller, in combination with the Creditors' Committee, diligently and in good faith marketed the Acquired Assets to secure the highest and best offer therefore through an open and complete sale process. In that regard, the Seller sought bids for all of the Acquired Assets. The terms and conditions set forth in the Agreement, and the Sale to the Purchaser pursuant thereto, represent a fair and reasonable purchase price and constitute the highest and best offer obtainable for the Acquired Assets.

M.     A sale of the Acquired Assets is the only viable alternative for preserving and capturing the value of the Acquired Assets. The Seller cannot continue to operate its business for the time required to confirm and consummate a plan of reorganization without risking an immediate and material decline in the value of the Acquired Assets. Thus, the only way to preserve and maximize value is to consummate the Sale, thereby insuring an orderly and equitable sale process for the benefit of the Seller's estate and creditors.

N.     A sale of the Acquired Assets at this time to the Purchaser would result in the highest possible purchase price therefor. Thus, unless the Sale to the Purchaser is concluded expeditiously, as provided for in the Sale Motion and under the Agreement, the value of the Acquired Assets will decline and the Debtor, its estate and its creditors may realize little or no value for the Acquired Assets.

O.     All Interests (as hereafter defined) shall attach to the proceeds of the Sale. The Seller shall make cure payments, if any, required under this Order in connection with the assumption and assignment of Contracts.

P.     The Agreement was negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser or its affiliates has engaged in any conduct that would cause or permit the Agreement to be avoided under 11 U.S.C. § 363(n).

5

Q. The Purchaser is an entity purchasing property in good faith within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded thereby. The Purchaser has and will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Agreement.

R. The consideration provided by the Purchaser for the Acquired Assets pursuant to the Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

S. The consideration offered in the Agreement is the highest and best consideration offered for the Acquired Assets and will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative. The consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Conveyances Act, and (b) fair value under the Uniform Fraudulent Transfer Act ((a) and (b) together, "**Value**") for the Acquired Assets.

T. The Sale does not constitute a sub rosa chapter 11 plan for which approval has been sought without the protections afforded by a disclosure statement.

U. Pursuant to Section 12.14 of the Agreement, the Debtor is providing Purchaser with a release of claims, but not including a release of claims arising under the Agreement (the "**Release**"). Purchaser provided adequate consideration and Value for the Release, and the Release does not violate the express terms, and is not inconsistent with the underlying policies, of the Bankruptcy Code section 524(e).

V. Purchaser is a secured creditor of the Debtor, holding valid Liens, Claims, Interests and Encumbrances in, on and against the Debtor, its estate and property of the estate, arising in connection with its purchase of the first lien debt in January 2009, and under which

6

Purchaser holds a claim for principal and pre-petition accrued interest in an amount of at least $18 million. A portion of the Purchase Price paid by Purchaser for the Acquired Assets was a credit bid in the amount of $8 million, which credit bid was valid and proper pursuant to the Bid Procedures and Bankruptcy Code sections 363(b) and 363(k) (the "**Credit Bid**").

W. The Sale must be approved and consummated promptly in order to preserve the value of the Acquired Assets.

X. Except as to (a) the Purchaser's liability to pay the Purchase Price and other amounts set forth in the Agreement and (b) Assumed Liabilities (as defined in the Agreement), the Sale, transfer, and assignment of the Acquired Assets to the Purchaser upon the Closing will be a legal, valid, and effective transfer of the Acquired Assets and vest the Purchaser with absolute right and title in and to the Acquired Assets free and clear of mortgages, security interests, conditional sale or other title retention agreements, claims of governmental entities (including but not limited to claims for taxes, real estate taxes, interest and/or penalties), claims of Seller's employees or employee benefit plans (including but not limited to claims for wages, salaries, commissions, vacation, severance, health or life insurance, or other employee benefit), charges, mechanics liens, pledges, liens, claims, judgments, demands, easements, charges, encumbrances, defects, options, restrictions of all kinds, any claims under any contract or statute, or in tort, that the Purchaser is the successor in interest to the business of the Seller as it relates to the Acquired Assets, any post-petition administrative claim in the Seller's bankruptcy case, and any other interest (including, without limitation, liens, claims, encumbrances, causes of action and interests) (i) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the Debtor's or the Purchaser's interest in the Acquired Assets, (ii) in respect of taxes, or (iii) which arise as a result of any Employee Benefit Plan, whether matured, unmatured, contingent, liquidated or unliquidated (collectively, "**Interests**") with all

7

such Interests released, terminated and discharged as to the Acquired Assets. Upon the Closing, holders of such liens and/or Interests shall be permanently enjoined from asserting such interests against the Acquired Assets and the Purchaser. All Interests shall attach to the Sale Proceeds with the same extent, validity, and priority as they had with respect to the Acquired Assets prior to Closing. Nothing contained in this Order shall relieve Purchaser or Seller of obligations to pay transfer taxes, if any, pursuant to applicable law ("**Transfer Tax**").

Y.      The Purchaser would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the Sale of the Acquired Assets to the Purchaser and the assignment of the Contracts to the Purchaser were not free and clear of all Interests or, if the Purchaser would, or in the future could, be liable for any such Interests.

Z.      The Seller may sell the Acquired Assets free and clear of all Interests because, in each case, the requirements of the Bankruptcy Code, including one or more of the standards set forth in 11 U.S.C. § 363(f)(1) – (5) have been satisfied or such sale otherwise is authorized pursuant to 11 U.S.C. § 105. All (A) holders of Interests, (B) non-debtor parties to Contracts and (C) other parties in interest who did not object, or who withdrew their objections, to the Sale, the Sale Motion or the assumption and assignment of Contracts are deemed to have consented to the transactions contemplated in the Agreement pursuant to 11 U.S.C. § 363(f)(2) and 365. Those holders of Interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property in which they claim an Interest as set forth in this Order.

AA.     Except with respect to Purchaser's obligations under the Agreement, including but not limited to any Assumed Liabilities and Transfer Tax, if any, neither (A) the transfer of

8

the Acquired Assets to the Purchaser nor (B) the assumption by the Debtor and assignment to and assumption by the Purchaser of the Contracts will subject the Purchaser to any liability by reason of such transfer or assignment and assumption under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of antitrust or successor or transferee liability or otherwise. The Seller and Purchaser are exempt from and excused from complying with any laws or regulations requiring notice to any taxing authority of any jurisdiction prior to, or other laws which might directly or indirectly affect, consummation of the transactions contemplated by the Agreement or the relief requested in the Sale Motion and the provisions of this Order, without excusing Purchaser or Seller from any obligations for payment of any taxes or charges arising from such transfer.

BB. The Seller has demonstrated that it is an exercise of sound business judgment to assume and assign the Assumed Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption and assignment of the Assumed Contracts is in the best interests of the Debtor, its estate, and its creditors. The Assumed Contracts being assigned to the Purchaser are an integral part of the operations of the Debtor being purchased by the Purchaser and, accordingly, such assumption and assignment of the Assumed Contracts is reasonable, enhances the value of the Debtor's estate, and does not constitute unfair discrimination.

CC. The Debtor has good and marketable title to the Acquired Assets.

DD. This Order shall be a "final order" within the meaning of 28 U.S.C. §§ 158 and 1291. Notwithstanding Bankrutpcy Rule 6004(h), the parties may consummate the Sale immediately upon entry of this Order. To the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly finds there is no just reason to delay the implementation of this Order.

9

EE.     All findings of facts and conclusions of law made herein or announced in open court in connection with the Sale Motion are incorporated herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.     All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Sale Motion, as modified by any announcements in open court, is granted, as provided herein;

2.     All objections, responses, and requests for continuances concerning the Sale Motion or the relief requested therein are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing, and those that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits;

**Approval of Asset Purchase Agreement**

3.     The relief requested in the Motion is granted in the manner and to the extent provided herein;

4.     The Agreement and the transactions and releases contemplated therein, including the transfer of the Acquired Assets by the Seller to the Purchaser as provided in the Agreement, are approved and authorized under the Bankruptcy Code, including sections 105, 363 and 365 thereof;

5.     The transfer of the Acquired Assets by the Seller to Purchaser upon Closing will be a legal, valid, and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code);

10

6. The transfer of the Acquired Assets by the Seller to Purchaser vests the Purchaser with good and indefeasible title to the Acquired Assets free and clear of all Interests, except those expressly assumed by the Purchaser under the Agreement; and any such Interests which existed prior to the Closing shall attach to the proceeds of the Sale in the same order and priority as existed before the Sale pursuant to 11 U.S.C. § 363(f). The interest of any third party asserting an Interest in the Acquired Assets can be satisfied by money;

7. The transfer of the Acquired Assets is in exchange for consideration being paid by the Purchaser, including the portion of the consideration that consisted of a credit bid under Bankruptcy Code section 363(k), shall be deemed for all purposed to constitute Value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code;

8. The transfer of the Acquired Assets, and the assumption and assignment of the Assumed Contracts does not and will not subject the Purchaser to any liability (except liability, if any, for Transfer Tax) by reason of such transfers and assignments under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor or transferee liability, and all creditors and parties-in-interest are prohibited from asserting such claims against Purchaser or Purchaser's Affiliates;

9. This Court retains jurisdiction to interpret and enforce the provisions of the Agreement, any related agreement to which the Debtor is party, and this Order, including, without limitation, jurisdiction to (a) protect the Purchaser against any claims or other liabilities related to the transactions contemplated by the Agreement or otherwise, in accordance with the provisions of the Agreement, (b) resolve any and all objections to, or disputes among the parties

11

to the Agreement regarding, all issues or disputes with respect to claims for indemnification or otherwise under the Agreement, provided, however, that in the event the Court abstains from exercising, or declines to exercise, jurisdiction with respect to any matter referred to in this Paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court or arbitral body having competent jurisdiction with respect to any such matter;

10.     The transactions contemplated by the Agreement and this Order are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Purchaser is entitled to the rights and protections granted thereby;

11.     There exist exigent business reasons for the Sale of the Acquired Assets to the Purchaser;

12.     The Sale is in the best interests of the Seller's estate, creditors, and customers and is otherwise in the public interest;

13.     There has been such notice as is appropriate in the particular circumstances given to all entities required by law to receive notice of the Sale and such opportunity for hearing as is appropriate in the particular circumstances;

14.     The Acquired Assets have been adequately marketed and may lose value absent a sale;

15.     All of the requirements of sections 105 and 363 of the Bankruptcy Code for a sale free and clear of Interests have been met;

16.     The Seller's previous execution and delivery of the Agreement are hereby authorized and ratified, and the Seller as well as its officers, employees, and agents, are authorized to consummate, pursuant to the terms of the Agreement, the Sale of the Acquired Assets to Purchaser and related transactions and to negotiate, execute, and deliver such other and

12

further documents as may be necessary or appropriate to implement and consummate the Agreement, all transactions related thereto and this Order;

17. This Order complies with the terms of the Agreement in all material respects and is otherwise sufficient to permit the consummation of the transactions contemplated by the Agreement;

**Assumption and Assignment to Purchaser of Contracts**

18. The assumption by the Debtor and assignment to Purchaser of the Assumed Contracts, are approved and shall become effective upon Closing and the Debtor is authorized and empowered to pay cure amounts pursuant to the terms of the Agreement;

19. Notwithstanding Purchaser's designation prior to the Sale Hearing of a contract or lease to be assumed and assigned to it pursuant to the Agreement, Purchaser shall have until the Cure Costs Deadline to give notice to the Debtor that it is removing any such previously designated contract or lease from the list of contracts and leases to be assigned, and such contract or lease shall be deemed not assumed and assigned and shall not be an Assumed Contract, without the need for further order of this Court. After the Closing, Purchaser may designate additional contracts and leases for assumption and assignment, but solely pursuant to the provisions of the Agreement. Any such additional contracts and leases assumed by Debtor and assigned to Purchaser shall be deemed Assumed Contracts hereunder;

20. Any executory Contract not assumed by the Purchaser (i) prior to the Closing, or (ii) within forty-five (45) days after the Closing pursuant to the provisions of the Agreement, is hereby deemed rejected as of the date of the entry of this Order;

21. Except as otherwise set forth herein, the cure amounts (each a "**Cure Amount**" and collectively, the "**Cure Amounts**") to be paid to the parties to the Assumed Contracts as provided in the Agreement shall be: (a) with respect to parties that timely filed

13

written objections that have not been or are not hereafter resolved, or parties whose contracts have not been designated by the Sale Hearing, the amount to be ordered by this Court; (b) with respect to parties that timely filed written objections that have been or are hereafter resolved, the amounts agreed to by the parties and set forth on the record of the Sale Hearing or in a subsequent written agreement between the Debtor and the other parties to the Contract; (c) with respect to parties that failed to file written objections within ten (10) days after service of the Notice of Proposed Assumption, Sale and Assignment of Certain Unexpired Leases, License Agreements, and Executory Contracts and Sale Hearing (the "**Cure Notice**"), the amount set forth in the Cure Notice;

22. The Seller shall pay or otherwise satisfy the Cure Amounts;

23. The Purchaser has provided adequate assurance of future performance of the Contracts within the meaning of section 365(f)(2) of the Bankruptcy Code;

24. The Seller shall assign and transfer to the Purchaser all of its right, title, and interest (including common law rights) to all of the intangible property associated with the Contracts, but excluding the Excluded Assets;

25. The Contracts shall remain in full force and effect for the benefit of the Purchaser, notwithstanding any provisions in such Contracts or in applicable law (including, without limitation, those described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibit, restrict, or limit in any way such assignment or transfer and the mere assumption and assignment of the Contracts shall not cause any acceleration of payments, increase in payments, assignment fees, or any additional fee for Purchaser;

26. The failure of the Seller or the Purchaser to enforce, at any time, one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms and

14

conditions or of the Seller's or Purchaser's rights to enforce every term and condition of the Assumed Contracts;

27.    Unless and until actually assumed and assigned by Order of the Court to Purchaser, Purchaser shall have no liability under any Assumed Contract;

28.    The Seller and its estate shall have no liability related to obligations arising under the Assumed Contracts post-Closing. Non-Seller parties to the Assumed Contracts are hereby enjoined from making any demand, commencing any action or proceeding, or otherwise attempting to collect from or enforce against the Seller any amount or obligation (a) in excess of the Cure Amount or (b) arising post-Closing under the Assumed Contract;

29.    All defaults and other obligations under the Assumed Contracts arising or accruing prior to the Closing Date shall be deemed cured by the payment of the Cure Amount. Except for the Cure Amounts, there are no other defaults existing under the Assumed Contracts;

30.    Each non-Debtor party to an Assumed Contract is hereby forever barred, estopped, and permanently enjoined from asserting against Purchaser or the Acquired Assets any default, additional amounts or other Claims existing as of the Closing Date whether declared or undeclared or known or unknown; and such non-Debtor party to the Assumed Contract are also forever barred, estopped, and permanently enjoined from asserting against Purchaser any counterclaim, defense or setoff, or any other Claim, Lien or Interest, asserted or assertable against the Debtor;

31.    There shall be no rent accelerations, assignment fees, increases or any other fees charged to Purchaser as a result of the assumption, assignment and sale of the Assumed Contracts. Any provision in any Assumed Contract that prohibits or conditions the assignment of such Assumed Contract or allows the party to such Assumed Contract to terminate, recapture, impose any penalty, condition, renewal or extension, or modify any term or

15

condition upon the assignment of such Assumed Contract, constitutes an unenforceable anti-assignment provision, and are void and of no force and effect. The validity of the assumption, assignment and sale of the Assumed Contracts to Purchaser shall not be affected by any dispute between the Debtor and the non-Debtor party to such an Assumed Contract;

## Miscellaneous

32. The Debtor and each other entity having duties or responsibilities under the Agreement, the related agreements, or this Order, and their respective directors, officers, general partners, agents, representatives, and attorneys, are authorized and empowered to carry out all of the provisions of the Agreement and other related agreements; to issue, execute, deliver, file, and record, as appropriate, such other and further documents as may be necessary evidencing and consummating the Agreement and other related agreements; and to take any and all actions contemplated by the Agreement, the related agreements, or this Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Agreement, the related agreements, and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by its respective directors, stockholders, or partners, and with like effect as if such actions had been taken by unanimous action of the respective directors, stockholders, and partners of such entities. All such additional agreements, documents, and instruments shall be deemed to be "related agreements" for purposes of this Order. The Debtor shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certifications or attestation shall be required to make any such action valid, binding, and enforceable). The Seller is further authorized and empowered to

16

cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, the related agreements, and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units, or as any of the officers of the Debtor may determine are necessary or appropriate. The execution of any such document, or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such entity to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by the general corporation law of the state of incorporation of each of the entities and all other applicable business corporation, trust, and other laws of the applicable governmental units with respect to the implementation and consummation of the Agreement, the related agreements, and this Order and the transactions contemplated thereby and hereby;

33. All entities in possession of some or all of the Acquired Assets are directed to surrender possession of the Acquired Assets to the Purchaser on the Closing Date or at such time thereafter as Purchaser may request at such entities' sole expense;

34. On the Closing Date, each of the Debtor's creditors is directed to execute such documents and take all other actions as may be necessary to release its liens on or claims against the Acquired Assets being sold, if any, as such liens or claims may have been recorded or may otherwise exist;

35. Purchaser shall not be deemed to be a joint employer, single employer, co-employer, or successor employer with the Debtor for any purpose and Purchaser shall not have any obligation to pay any past wages, benefits, or severance pay to any of the Debtor's

17

employees, including any of the Debtor's employees who may subsequently become employees of the Purchaser, except that Purchaser has agreed to honor certain accrued, but unused, sick and vacation time which any Debtor employee who becomes an employee of the Purchaser may have as of Closing, as more fully set forth in the Agreement. Any and all notices required to be given to Debtor's employees pursuant to the Workers Adjustment and Relocation Act (the "**WARN Act**") or any similar federal or state law, to the extent required under the circumstances, shall be the sole responsibility and obligation of the Debtor, and Purchaser shall have no responsibility or liability therefore;

36.     This Order is and shall be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other Persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets;

37.     Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement, the related agreements and this Order;

38.     If any Person or entity that has filed financing statements or other documents or agreements evidencing liens on or interests in the Acquired Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens or

18

other interests which the Person or entity has with respect to the Acquired Assets, the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets immediately prior to the Closing;

39.     Upon Closing with Purchaser, the Acquired Assets shall be free from all liens, claims and encumbrances of Seller, Seller's Affiliates and Seller's creditors, including, without limitation, all warranty claims and all other obligations to any Person relating to the quality, merchantability or safety of, or involving a claim of breach of warranty, or defect in, any product or service purchased, manufactured, sold, or performed by Seller, except for claims related to the payment of the Purchase Price;

40.     All Persons are enjoined from in any way pursuing the Purchaser, Premier Exteriors, LLC or any direct or indirect subsidiary thereof, or the Acquired Assets to recover any lien, claim (including, without limitation, all warranty claims and all other obligations to any person or entity relating to the quality, merchantability or safety of, or involving a claim of breach of warranty, or defect in, any product or service purchased, manufactured, sold, or performed by Seller), or encumbrance or assert any Interest or cause of action which such Person has against the Debtor or the Acquired Assets, which has been released pursuant to this Order;

41.     Purchaser shall not be deemed a successor of the Debtor or its estate with respect to any Liens, Claims, Interests and Encumbrances against the Debtor or the Purchased Assets, and Purchaser shall not be liable in any way for any such Liens, Claims, Interests and Encumbrances, including, without limitation, the Excluded Liabilities (such Excluded Liabilities include, without limitation, all warranty claims and all other obligations to any Person relating to the quality, merchantability or safety of, or involving a claim of breach of warranty, or defect in, any product or service purchased, manufactured, sold, or performed by Seller) or Excluded

19

Assets. Upon the closing of the Sale, all creditors, employees and equity holders of the Debtor are permanently and forever barred, restrained and enjoined from (a) asserting any Claims or enforcing remedies, or commencing or continuing in any manner any action or other proceeding of any kind, against Purchaser or the Acquired Assets on account of any Liens, Claims, Interests, Encumbrances, Excluded Liabilities (such Excluded Liabilities include, without limitation, all warranty claims and all other obligations to any Person relating to the quality, merchantability or safety of, or involving a claim of breach of warranty, or defect in, any product or service purchased, manufactured, sold, or performed by Seller) or Excluded Assets, or (b) asserting any Claims or enforcing any remedies under any theory of successor liability, de facto merger, or substantial continuity;

42. The Agreement, the related agreements, and all other documents, agreements, and instruments necessary to effectuate and consummate the transactions contemplated by Agreement, together with the terms and provisions of this Order, shall be binding upon and shall inure to the benefit of the Debtor, the Purchaser, and their respective successors and assigns, notwithstanding any subsequent appointment of a trustee for the Debtor, under any chapter of the Bankruptcy Code, as to which trustee such documents, agreements, and instruments (and the terms and provisions thereof) otherwise shall be binding;

43. The Agreement and any related agreement may be modified, amended, or supplemented by agreement of the Debtor and the Purchaser without further action of the Court, provided that any such modification, amendment, or supplement is not material and substantially conforms to and effectuates the Agreement;

44. Nothing in this Order shall constitute an assumption or rejection of any executory contract or unexpired lease except, upon the Closing, as specifically provided in this Order, the Agreement, and the designation of Assumed Contracts. Seller's ability to assume or

20

reject any other executory contract or unexpired leases shall not be affected by this Order and absent a Closing, each Assumed Contract shall neither be deemed assumed or assigned nor rejected and shall in all respects be subject to further administration under the Bankruptcy Code;

45.    No bulk sale law or any similar law of any state or other jurdisdiction shall apply in any way to the Sale;

46.    Notwithstanding anything to the contrary herein or in the Agreement, Seller is not releasing and has not agreed to release any rights or claims of Seller to the extent any such release would limit or abridge any rights and claims that would arise by subrogation or otherwise in favor of any insurer of either or both Seller in connection with policies of insurance under which Seller is an insured party or otherwise hold an interest, but only to the extent such release could impair any of Seller's rights or obligations under such policies. If any such claim is asserted against Purchaser, Purchaser may assert any defenses to such claims (and not as affirmative claims seeking recovery of money or other relief from Seller or Seller's insurer) or any claims Purchaser may otherwise have against Seller in connection with claims asserted by such insurer of Seller;

47.    This Order and the Agreement shall be binding in all respects upon all creditors and equity holders of the Debtor, all non-Debtor parties to Assumed Contracts, all successors and assigns of the Debtor, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's bankruptcy case or upon conversion to chapter 7 under the Bankruptcy Code, and the Agreement shall not be subject to rejection or avoidance under any circumstances;

48.    Nothing contained in any order entered in the Debtor's bankruptcy case subsequent to the entry of this Order, nor in any chapter 11 plan confirmed in this bankruptcy

21

case, shall conflict with or derogate from the provisions of the Agreement or the terms of this order;

49.    To resolve the objections of the Miami-Dade County Tax Collector, $160,638.81 shall be paid to the Miami-Dade County Tax Collector, within five (5) days of the Closing, from the cash consideration of $650,000.00 identified in Section 3.1(a)(ii) of the Agreement;

50.    This Order shall be effective immediately upon entry of same and the ten (10) day stay as provided for in Fed. R. Bankr. P. 6004(h) shall be, and hereby is, waived without further notice;

51.    The failure to specifically include any particular provisions of the Agreement and other agreements entered into in connection therewith shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Agreement and any other agreement executed in connection therewith and each and every provision, term, and condition thereof, be authorized and approved in its entirety;

52.    The provisions of this Order are mutual and non-severable; and

*[Remainder of the page intentionally left blank]*

22

53.     The Court retains jurisdiction, even after the closing of the chapter 11 case to: (i) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief) and the terms of the Agreement, all amendments thereto and any waivers and consents thereunder; (ii) protect Purchaser, or any of the Acquired Assets, from and against any of the Liens, Claims, Interests and Encumbrances; (iii) compel delivery of the Acquired Assets to Purchaser; and (iv) resolve any disputes arising under or related to the Agreement, the Sale or the Transactions, or Purchaser's peaceful use and enjoyment of the Acquired Assets.

The Honorable Mary F. Walrath
United States Bankruptcy Judge

Dated: April 13, 2009

23